COMMONWEALTH of
Kentucky, Appellant,

v.

Thomas E.
HOLLINGSWORTH, Appellee.

Supreme Court of Kentucky.

Dec. 20, 1984.

Rehearing Denied March 21, 1985.

Steven L. Beshear, Atty. Gen., Virgil W. Webb, III, Asst. Atty. Gen., Frankfort, for appellant.

David Busse, Frank W. Heft, Jr., Louisville, for appellee.

## CERTIFICATION OF THE LAW

The appellee, Thomas Edward Hollingsworth, was indicted on September 9, 1982, for trafficking in a Schedule III controlled substance, pentazocine, contrary to KRS 218 A.140. At the close of the Commonwealth's case Appellee moved for a directed verdict on the grounds that the statute dealing with Schedule III drugs, KRS 218A.090 did not control pentazocine in pill form. The trial court noted that the pill form of the drug was controlled by regulation enacted pursuant to KRS 218A.020. However, the court ruled that the guidelines set out for classification of substances in the statute were not mandatory, and therefore, the statute was an unconstitutional delegation of legislative power. The court ordered a verdict of acquittal be entered on behalf of the appellant.

This court has ruled that for there to be a constitutional delegation of legislative authority, the legislature must delegate only the administration of the law itself and must not delegate the exercise of its discretion as to what the law shall be. *Legislative Research Commission v. Brown*, Ky., 664 S.W.2d 907 (1984). This is accomplished by setting forth standards controlling the exercise of administrative discretion. *Ibid.*

Appellee argues that KRS 218A.020 is unconstitutional because the permissive language used to describe the cabinet's duties would permit the cabinet to reschedule drugs at their pleasure. KRS 218A.020(1) & (2) reads as follows:

(1) The cabinet for human resources *shall* administer this chapter and *may* by regulation add substances to or delete or reschedule all substances enumerated in the schedules set forth in this chapter. In making a determination regarding a

substance, the cabinet for human resources *may* consider the following:

(a) The actual or relative potential for abuse:

(b) The scientific evidence of its pharmacological effect, if known:

(c) The state of current scientific knowledge regarding the substance:

(d) The history and current pattern of abuse:

(e) The scope, duration, and significance of abuse:

(f) The risk to the public health:

(g) The potential of the substance to produce psychic or physiological dependence liability: and

(h) Whether the substance is an immediate precursor of a substance already controlled under this chapter.

(2) *After considering the factors enumerated in subsection (1)* the cabinet for human resources *may* adopt a regulation controlling the substance *if it finds the substance has a potential for abuse.* (Emphasis added).

Subsection (1) of this statute states which agency has the power to administer the chapter. Also implicit in the same language is the fact that the cabinet has the affirmative duty to administer the chapter according to the standards set by the legislature.

Subsection (2) states the general standard the cabinet is to use in determining whether a substance should be controlled, i.e., "if it finds the substance has a potential for abuse." Subsection (1) lists eight factors which aid the cabinet in making the determination, and although subsection (1) states that the cabinet may consider the factors, subsection (2) states that a substance may be controlled only after the previous listed factors are considered. Additionally, the eight factors listed are basic questions regarding abuse and merge into any determination regarding the "potential for abuse" of a substance.

Although this statute addressed the general issue of a substance with a potential for abuse, it does not set forth the specific standards to be used for a particular classification. This language is contained in the statutes that follow KRS 218A.020 which list the factors to be considered in placing a drug in one of the five different schedules. The drug involved in the present case, pentazocine, was classified under Schedule III, KRS 218A.080, which reads:

The cabinet for human resources *shall* place a substance in Schedule III if it finds that:

(1) The substance has a potential for abuse less than the substances listed in Schedules I and II;

(2) The substance has currently accepted medical use in treatment in the United States; and

(3) Abuse of the substance may lead to moderate or low physical dependence or high psychological dependence.

Far from stating that the cabinet may reschedule at its pleasure, the statute states that the cabinet "shall" place a substance in this schedule if the three criteria are met.

■ The individual statutes listing the criteria for a particular classification read in combination with KRS 218A.020 set out specific mandatory standards to be used by the cabinet in classifying substances. The legislature has delegated only the administration of the law, and therefore, KRS 218A.020 and the statutes that follow are constitutional.

■ The appellee argues that even if the statutes are constitutional delegation of power, pentazocine in pill form cannot be classified as a Schedule III drug because the legislature specifically exempted it in KRS 218A.090(3). The substance was classified Schedule III by administrative regulation, and the appellee alleges that this action by the cabinet would be usurping the will of the legislature.

KRS 218A.090 reads:

Unless otherwise rescheduled by regulation of the cabinet for human resources the controlled substances listed in this section are included in Schedule III:

(3) Pentazocine (parenteral or injectable form only).

The appellee's position is without merit since the statute specifically states that the cabinet is empowered to reschedule the substances. Additionally, KRS 218A.020(1) states that the cabinet may "by regulation add substances to or delete or reschedule all substances enumerated in the schedules set forth in this chapter."

■ Lastly, the appellee alleges that the pertinent regulation is constitutionally defective because it does not state that the cabinet has considered the eight items listed in KRS 218A.020 in addition to the standards stated in KRS 218A.080 when it determined pentazocine in pill form should be controlled. As stated previously the eight factors in question merge into any consideration of the "potential for abuse." Accordingly, KRS 218A.080 itself sets forth adequate standards for the cabinet to use in classifying a substance under 902 KAR 55:025.

The legislature has established adequate standards for the cabinet of human resources' administration of the scheduling of controlled substances, and the cabinet has followed those standards in classifying pentazocine in pill form as a Schedule III substance. Therefore, KRS 218A.020 and those statutes which follow are not an unconstitutional delegation of legislative power.

The law is so certified.

STEPHENS, C.J., and AKER, GANT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents.